UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MM VENDING, INC., )<br>    Plaintiff, ) | |
| ) | No. 2:22-cv-90 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| JOHN R. KANERVA, ) | |
|     Defendant. ) | |
| ) | |

## ORDER OF REMAND

Defendant John Kanerva removed this quiet title action to federal court (ECF No. 1). He appears to rely on 28 U.S.C. §§ 1441, 1443, 1446, and a variety of constitutional theories for federal jurisdiction. Defendant has failed to meet his burden of establishing that removal is proper. Thus, this case must be remanded back to state court.

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an ongoing obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). When a lawsuit is removed from state court, federal courts have an obligation to examine whether subject-matter jurisdiction exists. *E.g., Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014). The party removing the lawsuit bears the burden of establishing that the federal courts have subject-matter jurisdiction. *See Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) (internal citations omitted). 28 U.S.C. provides the basis for federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This statute has been interpreted to mean that federal jurisdiction only exists when a federal question is well-pleaded on the face of the plaintiff's complaint. *See Caterpillar Inc.*, 482 U.S. at 391.

It is unclear whether Defendant relies on diversity of citizenship or federal-question jurisdiction (*see* ECF No. 1 at PageID.1) (citing 28 U.S.C. § 1441, 1443, and 1446). Nevertheless, neither type of subject matter jurisdiction exists here. Regarding diversity of citizenship, Defendant's notice of removal fails to establish each party's citizenship.[1] However, the complaint asserts that Plaintiff is a Michigan Corporation with its principal place of business in Marquette County, Michigan, and that Defendant's last known residence is Little Lake, Michigan (ECF No. 1-1 at PageID.32-33). Accordingly, the Court finds that Defendant has failed to meet his burden of showing that complete diversity exists among the parties, and in turn, that diversity of citizenship jurisdiction exists in this matter. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Federal-question jurisdiction also does not exist. Although Defendant relies on a variety of constitutional arguments in his notice of removal—such as civil rights violations, the

---

[1] Upon the Court's review, it does not appear that Defendant's notice of removal contains an allegation regarding the amount in controversy either.

2

Fifth Amendment's Takings Clause, and due process—these are not arguments that were asserted in Plaintiff's complaint. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc.*, 482 U.S. at 392). Here, Plaintiff's complaint fails to contain a federal question. Rather, it contains a single quiet title cause of action regarding property located in Marquette County, Michigan (ECF No. 1-1). As such, Plaintiff's complaint contains questions regarding Michigan property law, not federal law. Again, Defendant has failed to meet his burden of showing that this Court has federal jurisdiction. *See Long*, 201 F.3d at 757.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Marquette County Circuit Court. The Clerk of Court shall make the necessary arrangements for remand.

**IT IS SO ORDERED.**

Date: May 2, 2022 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge